

**ORDERED in the Southern District of Florida on February 26, 2010.**

*[signature]*
_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

IN RE:                                               CASE NO. 10-13149-BKC-AJC

AIDA LICETTE FERNANDEZ,                              CHAPTER 13

    Debtor.
_____/

**ORDER DENYING
DEBTOR'S EMERGENCY MOTION TO ENFORCE STAY**

    **THIS CAUSE** having come before the Court on February 22, 2010, upon the Debtor's Emergency Motion to Enforce Stay, dated February 16, 2010 [D.E. 8], and the Court having reviewed the Debtor's Emergency Motion, the Response of Miami-Dade County to Debtor's Emergency Motion, dated February 19, 2010 [D.E. 11], having heard arguments of counsel, being otherwise fully advised in the premises, and for the reasons set forth on the record, the Debtor's Emergency Motion to Enforce Stay is denied. The state proceedings by the County,

which seek to compel the Debtor-in-Possession to comply with a preliminary injunction to cease an ongoing violation of environmental laws, come within 11 U.S.C. §362(b)(4)'s "police and regulatory power" exception to §362(a)(1)'s automatic stay provisions.

The Debtor argues that she requires additional time to remove over 40,000 plants and to restore the property and that, in essence, the plant crop cannot be sold until sometime after maturity in May or June 2010 and removed by July 31, 2010. She argues that not allowing the delay would "destroy the ability of the Debtor to comply with the [state court] injunction and would harm Debtor's creditors." This may be so, but as a matter of law, it does not trump section 362(b)(4)'s "police and regulatory power" exception to section 362(a).

The Court takes judicial notice of the fact that we are in the dry season and that the violation is thus probably not presently an imminent environmental hazard or threat to public health, safety and welfare. Also, the Court takes judicial notice that the state court matter was heard on oral argument by the Third District Court of Appeal on February 26, 2010 and, in the normal course of state court proceedings, Debtor will likely gain some additional time toward its crop maturity date.

This Court has full confidence in Miami-Dade County regarding the enforcement of its injunction in a practical and kind manner to achieve maximum benefit for the Debtor, the creditors and the environment without putting the public health, safety and welfare at significant risk.

## **DISCUSSION**

The Debtor filed her voluntary Chapter 13 petition on February 10, 2010. [DE 1] On the same date she filed a Suggestion of Bankruptcy in pending state trial and appellate court proceedings concerning an environmental enforcement action by the County, in which she suggested that those proceedings were stayed by operation of 11 U.S.C §362. The County

filed responses in the state proceedings asserting that those proceedings come within §362(b)(4)'s "police and regulatory power" exception to §362(a)(1)'s automatic stay provisions. The Debtor then filed an Emergency Motion to Enforce Stay and Memorandum of Law in Support in this Court, dated February 16, 2010. [DE 8]. On February 19, 2010, the County filed its Response to Debtor's Emergency Motion to Enforce the Stay. [DE 11].

On February 22, 2010, the Court held a hearing on the Debtor's Emergency Motion and heard argument by counsel for the Debtor and the County. By Order dated February 24, 2010 [DE 15], the Court denied the emergency motion only to the extent that it sought to stay the oral argument scheduled for February 26, 2010 in the state appellate proceedings before the Third District Court of Appeal in Case No. 3D09-2386.[1] Otherwise, the Court took the matter under advisement and continued the hearing to March 2, 2010. [DE 15].

A.   *The Pending State Court Proceedings*

The state court enforcement action filed by the County against the Debtor concerned the dredging and filling of wetlands, as well as the unpermitted operation of a container nursery, without the permit required by the County's environmental wetlands regulations.[2] The pending state proceedings involve an Order Granting Miami-Dade County's Motion for Preliminary Injunction, dated on July 30, 2009, which found that the Debtor had engaged in substantial unpermitted dredging and filling in order to raise the site elevation, "and thereby obstruct[ed] surface water flow", in order to conduct her ongoing, unpermitted container nursery business. *Order* at 7-8. The Order required the Debtor "to immediately cease and desist their unpermitted nursery operations at the subject property and to restore the subject

---

[1] Exercising its concurrent jurisdiction to determine the applicability of the automatic stay provisions in 11 U.S.C. §362, the Third District Court of Appeal had entered an order, dated February 16, 2010, denying the Debtor's request to stay the state appellate proceedings.
[2] Case No. 07-19370 CA (30), in the Circuit Court of the State of Florida's Eleventh Judicial Circuit.

property through the removal of all fill material, as well as backfilling the excavation, in order to achieve natural grade elevation throughout the site within forty-five (45) days of the date of this Order." Id. at 25. On January 14, 2010, the County filed a motion to enforce the preliminary injunction order and sought indirect civil contempt sanctions due to the Debtor's continued operation of the container nursery despite the preliminary injunction order and the absence of an order staying the preliminary injunction pending appeal. On February 12, 2010, the state trial court entered an Order for Hearing setting a hearing on the County's motion to enforce on March 4, 2010. [DE 8, Ex. "C"]. On February 16, 2010, the Debtor filed its Emergency Motion to Enforce Stay. [DE 8].

**B.**     *"Police And Regulatory Power" Exception To 11 U.S.C. § 362*

The automatic stay provisions in 11 U.S.C. §362 provide, in pertinent part, as follows:

> (a) *Except as provided in subsection (b) of this section*, a petition filed under section 301, 302, or 303 of this title …, operates as a stay applicable to all entities, of –
>
> (1) the commencement or continuation … of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(emphasis added).[3]

The pertinent provisions of the exception to 11 U.S.C. §362(b) provide:

---

[3] The purpose of the automatic stay provision is "to allow for a systematic, equitable liquidation of proceeding by avoiding a 'chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *Safety-Kleen, Inc. Wyche*, 274 F.3d 846, 864 (4th Cir. 2001) (quoting *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47, 55 (2nd Cir. 1976)).

> (b) The filing of a petition under section 301, 302, or 303 of this title, …, *does not operate as a stay –*
>
> .   .   .
>
> (4) … of the commencement or continuation of an action or proceeding by a governmental unit … to enforce such governmental unit's … *police and regulatory power*, … .

(emphasis added).[4]

It is without question that the County's state court injunction proceedings are pursuant to its authority to regulate activities that adversely affect wetlands areas. And it is without question that the protection of wetlands areas is a matter of public health and safety. Sec. 24-2 of the Code of Miami-Dade County, in pertinent part, provides:

> The Board finds and determines that the reasonable control and regulation of activities which are causing or may cause pollution or contamination of air, water, soil and property is required for the protection and preservation of the public hearth, safely and welfare.
>
> \*            \*            \*
>
> The Board further finds it necessary to maintain within Miami-Dade County a freshwater wetlands management program for the purposes of providing adequate water levels, flood control, water conservation, protection of water quality and recharge to the Biscayne Aquifer, and prevention of saltwater intrusion; for the maintenance of the biological integrity of freshwater wetlands in Miami-Dade County; for the protection of the interrelated natural functions between Miami-Dade County's wetlands and the natural systems in Everglades National Park; for managing freshwater wetland resources in accordance with environmental standards and management criteria as recommended by the Miami-Dade County Comprehensive Development Master Plan and Chapter 33B of the Code of Miami-Dade County, Florida, as amended from time to time; and providing for cooperation with federal, State, and local agencies and authorities.

The County's injunction proceedings seek to stop an ongoing violation of its wetland protection laws by the Debtor-in-Possession. Moreover, the County seeks to compel the

---

[4] The purpose of this exception is that "because bankruptcy should not be 'a haven for wrongdoers,' the automatic stay should not prevent governmental regulatory, police and criminal actions from proceeding." *Universal Life Church, Inc. v. United States,* 128 F.3d 1294, 1297 (9th Cir. 1997) (quoting 3 Collier on Bankruptcy ¶ 362.05(5)(a), at 362-64 (15th ed. 1996).

Debtor's compliance with an injunction order entered some seven months ago requiring the Debtor to "to immediately cease and desist" its unpermitted operations. That the County's motion invokes the trial court's contempt powers to enforce the preliminary injunction in no way diminishes the regulatory character of the County's enforcement efforts. Accordingly, the County's injunctive and enforcement actions to enforce environmental regulations protecting wetlands areas and to compel the Debtor-in-Possession to comply with a lawful injunction order come squarely within the "police and regulatory power" exception to the automatic stay.

Indeed, the County's enforcement proceeding to stop a longstanding and ongoing violation of wetlands permitting laws by the Debtor-in-Possession is a classic example of a police power exception to the automatic stay. In *Midlantic National Bank v. New Jersey Dept. of Environmental Protection*, 474 U.S. 494 (1986), the Supreme Court noted that the legislative history expressly included "environmental protection" within the scope of the automatic stay exception based on exercise of a government's police or regulatory power. As the Court stated:

> 'Thus, where a government unit is suing a debtor to prevent or stop violation of fraud, *environmental protection*, consumer protection, safety, *or similar police or regulatory laws*, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.' H.R.Rep. No. 95-595, *supra*, at 343 (emphasis added; S.Rep. No. 95-989, *supra*, at 52 (emphasis added), U.S. Code Cong. & Admin. News 1978, pp. 5838, 6299.

(emphasis in original) Id. at 504. Further, as concluded by the Third Circuit Court of Appeals in *Penn Terra Limited v. Department of Environmental Resources*, 733 F.2d 267, 272 (3rd Cir. 1984), the exception to the automatic stay "*extends to permit an injunction and enforcement of*

*an injunction*, and to permit entry or a money judgment, but does not extend to permit enforcement of a money judgment." (emphasis added)

Federal appellate decisions throughout the country have applied the exception to environmental actions brought by a unit of government. *See, e.g.*, *Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, 865-866 (4th Cir. 2001) (exception applies if the primary purpose of the law is to deter environmental misconduct); *Universal Life Church, Inc. v. United States*, 128 F.3d 1294, 1299 (9th Cir. 1997) ("Only if the action is pursued solely to advance a pecuniary interest of the government unit will the automatic stay bar it."); *Cumberland Farms, Inc. v. Florida Department of Envt'l Protection*, 116 F.3d 16, 20 (1st Cir. 1997) ("Debtors … do not have carte blanche to ignore state and local laws protecting the environment against pollution."); *In re Commerce Oil Co.*, 847 F.2d 291 (6th Cir. 1988) (state allowed to proceed in action to fix liability under Tennessee Water Quality Control Act, under Code § 362(b)(4)); *Lancaster v. Tennessee*, 831 F.2d 118, 122 (6th Cir. 1987) (trustee must comply with applicable environmental law); *In Matter of Commonwealth Oil Refining Co.*, 805 F.2d 1175, 1183-4 (5th Cir. 1986) ("The EPA has the authority to enforce it regulatory power, that is, to require … compl[iance] with the federal and state environmental laws and regulations at issue in this case. The enforcement actions of the EPA in this case do not come within the ambit of §362(a)(1) because they are actions to enforce police and regulatory powers, thus falling within the §362(b)(4) exception to the automatic stay."); *See also, Brock v. Rusco Industries, Inc.*, 842 F.2d 270, 273 (11th Cir. 1988) (injunction action by Secretary of Labor to prevent violation of Fair Labor Standards Act exempt from the automatic stay.); *U.S. v. ILCO, Inc.*, 48 B.R. 10, 15 Envtl. L. Rep. 20562 (Bankr. N.D. Ala. 1985) (mandatory injunctive relief against Chapter 11 debtor to remedy environmental harms under other federal environmental acts).

As explained by the *Safety-Kleen* Court, the test for determining if the exception to the automatic stay applies turns upon whether the primary purpose of the law is to deter environmental misconduct or to protect the pecuniary interests of the government. 274 F.3d at 865-866 (4th Cir. 2001). Here, the purpose of the County's wetland permitting laws, as well as the injunctive and enforcement proceedings pursuant thereto, are for the purpose of deterring the Debtor's ongoing environmental misconduct.

Accordingly, based upon the foregoing reasons and authority, the Debtor is not entitled to the protections of the automatic stay. It is therefore

**ORDERED AND ADJUDGED** that Debtor's Emergency Motion to Enforce Stay, dated February 16, 2010 [D.E. 8] is DENIED.

###

Submitted by:

Melinda S. Thornton, Esquire
Robert A. Duvall, Esq.
Miami-Dade County Attorney's Office
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128
Telephone:  (305) 375-5151
Facsimile:  (305) 375-5611


Copy furnished to:

Melinda S. Thornton, Esq.
Robert A. Duvall, Esq.
George Mahfood, P.A.
Patricia M. Baloyra, Esq.
James A. Poe, Esq.
Nancy N. Herkert, Esq.
Office of the U.S. Trustee